UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID OSTIGNY,                          :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :        CASE NO. 3:07CV1777(RNC)
                                        :
SUSAN CAMP,                             :
                                        :
        Defendant.                      :

RULING ON MOTION TO COMPEL

Pending before the court is the defendant's Motion to
Compel, doc. #45.  The defendant asks the court to order the
plaintiff to respond to interrogatories and requests for
production.  The defendant states that the plaintiff has failed
entirely to respond to one set of discovery requests, and has
provided inadequate responses to a second set of requests.  The
pro se plaintiff submitted only a three-line opposition (doc.
#48) complaining that the defendant's motion to compel is tardy.

The court scheduled oral argument for April 7, 2009.
Defense counsel and the defendant were present for the argument,
but the plaintiff did not appear.  When contacted by chambers
staff, the plaintiff reported that he intended to rest on his
written opposition and did not believe he needed to inform anyone
that he would not attend the oral argument.

Rather than reschedule oral argument, the court will rule on
the papers.  According to the motion to compel, the defendant
served a "First Set of Interrogatories and Requests for
Production" on the pro se plaintiff on or about July 11, 2008.

The plaintiff responded with a letter dated August 8, 2008, notifying defense counsel that he objected to that request as "burdensome and substantially irrelevant." (Def's Mem, Ex. D, doc. #45-7.)  The letter also stated "[y]our questions are not questions, they are assignments, and I counted about seventy of them."  (Id.)  Other than that, the plaintiff has never responded to the July discovery request.

Defendant served an additional set of interrogatories on September 16, 2008.  Plaintiff provided very brief responses, which the defendant argues are insufficient.  It appears from the defendant's papers that the plaintiff has never produced any documents.

As to the July requests, titled "First Set of Interrogatories and Requests for Production" and attached as Exhibit A to the Motion to Compel, the court has reviewed the requests and finds them to be relevant.  The Motion to Compel is therefore granted as to these requests.

As to the September interrogatories, attached as Exhibit B to the Motion to Compel, the court has reviewed the requests and finds them to be relevant.  The court also has reviewed the plaintiff's responses and finds them to be insufficient for substantially the reasons set forth in the defendant's memorandum of law.  The Motion to Compel is therefore granted as to these interrogatories as well.[1]

---

[1]The plaintiff has never served formal objections to the defendant's discovery requests and offers no substantive argument

The plaintiff is ordered to respond in full and with particularity to all interrogatories, providing full details as to the factual basis for his claims and the calculation of his alleged damages.  His responses must be made under oath.  Plaintiff also shall send defense counsel complete and legible copies of all the documents requested in the Requests for Production.  The plaintiff is reminded that he must produce all responsive documents that are in his possession, custody or control.  In addition, plaintiff shall execute the "Authorization for Disclosure of Health Information" form attached to the defendant's requests for production.

Plaintiff must serve his complete responses upon the defendant's counsel on or before **May 5, 2009.**  See D. Conn. L. Civ. R. 37(d).  In light of the foregoing, the court extends the Scheduling Order as follows.  Discovery shall be completed on or before **June 15, 2009.**  Prefiling conference requests, as described in the Scheduling Order, shall be submitted on or before **June 22, 2009.**  The parties' Joint Trial Memorandum shall be filed on or before **July 31, 2009** and the case shall be trial-ready on **August 1, 2009.**  All other requirements of the

---

as to why the discovery is improper.  His only objection is that the motion to compel is late.  The plaintiff is correct that the Scheduling Order, doc. #20, instructs the parties to file a motion to compel within 30 days after the due date of the response.  The Scheduling Order is designed to manage the litigation, not to provide a party with an excuse to disregard discovery obligations. The court will not punish the defendant for devoting time (over the holidays) to efforts to resolve the discovery dispute and for giving the *pro se* plaintiff additional time to answer the discovery.

Scheduling Order (doc. #20) remain in effect.

A word of caution to the plaintiff is in order.  Having initiated the litigation, the plaintiff is obligated to comply with all applicable rules, as set forth in the Federal Rules of Civil Procedure and this court's Local Rules.  Moreover, "[a]ll litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009).

The court scheduled the April 7, 2009 oral argument with ample notice to the parties.  Oral argument would have provided both sides with another opportunity to explain their positions regarding discovery.  The plaintiff made no requests to the court regarding this required appearance.  Instead, plaintiff simply failed to appear, with no warning to the court or opposing counsel.  His failure to appear wasted the resources of the court, taking time and attention from other matters on its crowded docket.  The plaintiff's failure to appear also resulted in an unnecessary trip to court for the defendant and her counsel, wasting much of an afternoon and no doubt incurring attorney's fees.

The plaintiff is warned that failure to comply with this order or any other order of the court may lead to the imposition of sanctions, including monetary sanctions or dismissal of the case.  Any unexcused failure to appear for a scheduled court hearing or appearance also may be grounds for sanctions,

-4-

including monetary sanctions or dismissal of the case.

      SO ORDERED at Hartford, Connecticut this 14th day of April 2009.

                          _____/s/_____
                          Donna F. Martinez
                          United States Magistrate Judge