```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DAVID OSTIGNY,                   :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :     CASE NO. 3:07CV1777(RNC)
                                 :
SUSAN CAMP,                      :
                                 :
     Defendant.                  :
```

## RULING ON MOTIONS

Pending before the court are the defendant's Motion for Order of Dismissal and for Sanctions for Failure to Provide Discovery, doc. #52 and the plaintiff's Motion for Protective Order or Dismissal Without Prejudice, doc. #53.

I. Background

On April 14, 2009, the court entered an order (doc. #51) granting the defendant's Motion to Compel.  The court ordered the plaintiff to produce all documents responsive to the defendant's requests for production, to execute the "Authorization for Disclosure of Health Information" form attached to the requests for production, and to "respond in full and with particularity to all interrogatories, providing full details as to the factual basis for his claims and the calculation of his damages."[1]  (Doc.

---

[1] The *pro se* plaintiff had objected to the requests on grounds of burdensomeness and relevance.  When the defendant moved to compel his responses, the plaintiff filed a three-line opposition. The court scheduled oral argument on April 7, 2009. The defendant and her attorney traveled to Hartford for the argument, but plaintiff failed to appear, without asking the court to be excused or advising opposing counsel that he did not intend to be present. In its April 14, 2009 ruling, the court held that the discovery requests were relevant and ordered the plaintiff to respond by May 5, 2009.

#51.)  The court's order warned the plaintiff that failure to comply could lead to the imposition of sanctions, including dismissal.

II. <u>Plaintiff's Motion for Protective Order or Dismissal Without Prejudice</u>

Plaintiff's motion (doc. #53) states that "Plaintiff's doctor has advised him not to sign a medical release form.  Plaintiff is not comfortable giving defendant plaintiff's wife's documents that contain her bank accounts or her social security number."  (Doc. #53.)  The plaintiff asks the court to enter an order that the plaintiff need not sign a medical release form or "give defendant documents possessed by his wife."  In the alternative, the plaintiff asks for leave to dismiss the case without prejudice "so plaintiff will have some time to find and hire an attorney." (Doc. #53.)

The plaintiff's request for a broad protective order is denied.  He has already been ordered to produce all responsive documents and is deemed to have waived any objections based on medical privacy.  He has not previously made any suggestion that producing the responsive documents would impact his wife.[2]  The plaintiff must produce the documents.

However, in light of the privacy concerns raised by the plaintiff, the court would entertain a motion for a narrower protective order limiting the use and re-disclosure of certain

---

[2]Neither of these concerns were raised in plaintiff's original objections.

records pursuant to Fed. R. Civ. P. 26(c).  The motion should specifically set forth the proposed terms for the pre-trial use of such records.  Any such motion shall be filed on or before **August 31, 2009.**  Pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 37, a motion for protective order will be denied unless the parties have made good faith efforts to resolve the issue between themselves.[3]  The plaintiff shall not delay his production of documents based on his filing of or intent to file such a motion.

In the alternative, the plaintiff moves to dismiss his case without prejudice so that he can hire an attorney.  The defendant opposes this request on the grounds that it would be prejudicial to her and would cause her additional financial burdens.  The discovery period has long since closed and, apart from the plaintiff's noncompliance with discovery, the case was supposed to be trial-ready by now.  The defendant has stated a counterclaim against the plaintiff.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, except where all parties agree to a stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

---

[3] In addition, the parties are reminded that even if they agree to a stipulated protective order, documents filed with the court and documents used at trial or in other court proceedings are publicly available unless a motion to seal is granted pursuant to Local Rule 5(e).  In order to have any part of a document sealed, a party must both comply with the procedural requirements of Local Rule 5(e) and make a particularized showing of good cause for departing from the strong presumption against sealing.  See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 95-96 (2d Cir. 2004) (judicial records may be sealed only when and to the extent necessary to preserve higher values).  Agreement of the parties to a proposed sealing order is not a sufficient basis for granting such an order.

Voluntary dismissal without prejudice is therefore not a matter of right.  Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.  Id.

These factors all militate against dismissal without prejudice.  The discovery period has ended and, but for plaintiff's failure to comply with discovery and court orders, the case is trial-ready.  The parties' Joint Trial Memorandum was due on July 31, 2009.  The defendant has borne significant expenses to obtain discovery responses and prepare for trial, including the filing of motions and the trip to court for the oral argument that was cancelled when the plaintiff failed to appear.  The plaintiff's explanation for the need to dismiss is also inadequate.  If plaintiff wishes to hire an attorney, he may do so at any time, but that is not a basis to dismiss the case.  The plaintiff has unreasonably delayed filing his motion until the moment where he finds himself forced to provide specific details about his claims after months of obstructionism.  Having fought long and hard to obtain the plaintiff's compliance with discovery- which she still has not received in full- the defendant would suffer duplicative financial burdens if forced to start over in a

new action.[4]

Plaintiff's Motion for Protective Order or Dismissal Without Prejudice (doc. #53) is therefore denied for lack of good cause shown.

III. <u>Defendant's Motion for Order of Dismissal and for Sanctions</u>

The defendant moves for sanctions due to plaintiff's failure to comply with the court's April 14, 2009 order.  The defendant's memorandum of law explains that the plaintiff still has not fully responded to the defendant's interrogatories or provided all responsive documents.

The plaintiff has filed a brief objection.  He criticizes defense counsel's conduct and argues that the requests for production are overbroad or irrelevant. (Doc. #54.)  He indicates that he "has tried to reach an agreement with the defendant's attorney but has not been able to."  (<u>Id.</u>)

The time for "reaching agreement" with defense counsel has passed.  Since April 14, 2009, the plaintiff has been under a court order to respond to the defendant's discovery requests, and failure to comply with the discovery requests is a violation of a court order.  The only issue for the court is whether the

---

[4]Moreover, "[i]f a defendant has pleaded a counterclaim . . ., the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2).  The court may not grant a plaintiff's motion to dismiss "when the dismissal would destroy federal jurisdiction and prevent the court from adjudicating the defendant's counterclaim."  8-41 Moore's Federal Practice - Civil § 41.40 (3d ed.).  Here, the defendant has filed a counterclaim under state law to recover her unpaid fees in the amount of approximately $2,100. (<u>See</u> doc. #4.)  The dismissal of the plaintiff's claim would destroy the court's diversity jurisdiction over this counterclaim.

plaintiff has in fact failed to comply with its order.

    A.   <u>Interrogatories</u>

The court has reviewed the plaintiff's responses to the interrogatories and agrees with the defendant that they are insufficient. Plaintiff was ordered to "respond in full and with particularity" and to provide "full details as to the factual basis for his claims and the calculation of his damages." (Doc. #51.)

Instead, plaintiff's responses are generally just one sentence or a few words, and they are vague and unresponsive. Asked about the details of his emotional distress claim, for example, he says "I have two life threatening medical conditions that have been intensely aggravated" and says he had "several sessions during 2008" with a psychiatrist. The defendant is entitled to know what the conditions are, how they have been aggravated, and the details of the plaintiff's treatment. Asked for the details of his claim that the defendant "is forcing a . . . bankruptcy," plaintiff responds summarily that he has had to pay mortgages, taxes and insurance on two houses due to the delay of work on his house and states that "[I]t has caused a bankruptcy." The response is evasive- if the plaintiff has filed for bankruptcy, he must say so and give the defendant responsive details.

Some of plaintiff's responses are also insufficient in that he has failed to respond to subparts. For example, in response to the first interrogatory, he gives his name and address but not his date of birth or his occupation and business address.

Particularly egregious are plaintiff's responses to questions about the basis for and calculations of his damages. The defendant asked for details about how the plaintiff has been damaged and the manner in which the plaintiff has calculated his damages. Instead of providing those details and calculations, with reference to specific evidence of his losses, plaintiff makes general statements such as "defendant ruined credit and reputation" or "defendant told me that the town regulations would not allow a third lot when in fact they did." These answers are not responsive to the requests that plaintiff state "fully and with particularity the facts and details" of his damages. As to the defendant's requests that he explain the manner in which damages have been calculated, plaintiff's responses are also unresponsive. In most of his responses, the plaintiff merely says that they are based on "estimates" or "guesses." Defendant is entitled to know the plaintiff's actual, specific damages claim and the records used to substantiate his calculations. Plaintiff may not rely on guesswork and estimates.

The plaintiff's response to an interrogatory about his experts' opinions[5] is also completely insufficient. He was asked to identify all experts he intends to call at trial and state (1) the subject matter on which each would testify, (2) the substance of the facts and opinions to which each expert witness is expected

---

[5] In addition to the information requested in the interrogatories, disclosure of experts must conform with Fed. R. Civ. P. 26(a)(2). The scheduling order required the plaintiff to produce his Rule 26(a)(2) expert reports by September 15, 2008.

-7-

to testify, and (3) the grounds for each opinion of each expert. In response, plaintiff gives only the names of his "experts" and one or two-word summaries such as "the rip-off," "the 3rd lot," and "damages." This is a deficient response.

The court finds that plaintiff's responses lack sufficient detail and fail to respond fully to every question asked.

B. <u>Requests for Production</u>

As to the requests for production, plaintiff indicates in his objection that he "has given copies of all documents pertaining to his claims that are in his possession" (doc. #54). That statement is belied by plaintiff's own Motion for Protective Order or Dismissal Without Prejudice (doc. #53), which indicates that the plaintiff has withheld his medical authorization and other documents. The plaintiff's responses to the requests for production therefore do not comply with the court's previous order to produce all responsive documents.

C. <u>Sanctions</u>

The defendant asks the court to impose sanctions for plaintiff's noncompliance. Pursuant to Fed. R. Civ. P. 37(b)(2), the court may impose sanctions where a party has failed to obey a discovery order. Such sanctions may include, in the court's discretion, an order prohibiting the disobedient party from introducing designated matters in evidence, striking pleadings in whole or in part, holding the party in contempt of court or dismissing the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). In addition, the court "must order the disobedient

party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

The defendant asks the court to dismiss plaintiff's case as a sanction.  She argues that the plaintiff's noncompliance will further delay the case.

In light of plaintiff's submissions and his *pro se* status, the court will give him one final opportunity to comply with his discovery responsibilities before considering the harsh sanction of dismissal.  Plaintiff shall fully respond to the discovery requests, as set forth herein and in the April 14, 2009 order, on or before **August 31, 2009**.  Plaintiff is warned, again, that failure to comply in full may result in the imposition of sanctions, including preclusion of evidence, dismissal with prejudice or contempt of court.

The defendant is entitled to monetary sanctions in light of the significant efforts her counsel has made to obtain compliance with the defendant's discovery requests.  On or before **August 31, 2009,** the defendant shall file an affidavit or other evidence substantiating the reasonable attorney's fees and costs associated with her motion.

SO ORDERED at Hartford, Connecticut this 14th day of August 2009.

                                          _____/s/_____
                                          Donna F. Martinez
                                          United States Magistrate Judge