```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

DAVID OSTIGNY,                    :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :     CASE NO. 3:07CV1777(RNC)
                                  :
SUSAN CAMP,                       :
                                  :
     Defendant.                   :
```

RULING ON MOTIONS

Pending before the court are the defendant's Motion for Attorney Fees (doc. #57), plaintiff's Motion for Reconsideration (doc. #58) and plaintiff's Motion for Extension of Time to Find an Attorney (doc. #59).

On April 14, 2009, the court ordered the plaintiff to respond to the defendant's discovery requests. (Doc. #51.)[1] The court did not award attorney fees to the defendant as part of that ruling. It did admonish the *pro se* plaintiff[2], explaining that he took on certain obligations and responsibilities when he commenced the

---

[1] The plaintiff has had ample opportunity to respond to the discovery. The defendant's first discovery requests were served on July 8, 2008. In an apparent effort to work with the *pro se* plaintiff, the defendant served additional requests on September 16, 2008. The defendant tried to obtain compliance without court intervention. (See docs. #39 and #45.) The defendant's first motion to compel was filed on December 12, 2008. (Doc. #39.) That motion was denied for procedural reasons. (Doc. #40.) The defendant filed another motion to compel on January 8, 2009. (Doc. #45.) Because plaintiff scarcely responded to the motion to compel, the court scheduled a hearing to permit oral argument on any objections. (Docs. #48 and #49.) Plaintiff did not appear for oral argument, so the court perused all the requests and ruled on them. (Doc. #51.)

[2] The litigation began with both parties appearing *pro se*. The defendant eventually retained counsel.

litigation, and that failure to comply with applicable rules and court orders could result in sanctions, including monetary sanctions and/or dismissal of the lawsuit.  The plaintiff did not comply with the court's order to provide discovery, and more motions followed. (See docs. #52, 53.)

On August 14, 2009, on the defendant's motion, the court found that the plaintiff had failed to comply with the April 14 order, and once again ordered the plaintiff to comply.  (Doc. #56.)  The court extended the time for plaintiff's compliance to ensure that the *pro se* plaintiff had ample time and warning about his obligations.  Plaintiff was warned that he was being given a "final opportunity" to comply with his discovery obligations and that failure to do so could result in the imposition of sanctions, including preclusion of evidence, dismissal with prejudice or contempt of court.  (Doc. #56.)  This time, the court awarded fees to the defendant.  Defendant was ordered to file an affidavit or other evidence showing her reasonable attorney's fees by August 31, 2009.  (Doc. #56.)

In accordance with that ruling, the defendant now submits her Application for Attorney's Fees, doc. #57, with an affidavit of counsel substantiating her attorney's fees in the sum of $1,500.  The plaintiff has not objected as to the reasonableness of the fees sought by the defendant.  Instead, he asks the court to reconsider the fee award, now saying he cannot afford the fees and also has health problems. (Doc. #58.)

The standard for granting a motion for reconsideration is

"strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The only permissible grounds on which to grant a motion for reconsideration are: (1) an intervening change in the law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." Martin v. Dupont Flooring Sys., 3:01 CV 2189(SRU), 2004 U.S. Dist. LEXIS 9373, *3 (D. Conn. May 25, 2004)(internal citations omitted).

The Motion for Reconsideration, doc. #58, is DENIED. The plaintiff does not meet his burden of identifying new law or evidence or of demonstrating that he was subjected to a "manifest injustice." The court has given the *pro se* plaintiff much latitude and warned him repeatedly that his failure to comply would result in the imposition of sanctions. Meanwhile, the defendant has borne significant attorney's fees to obtain basic discovery that she was entitled to receive months ago.

The court has reviewed the affidavit submitted by defense counsel and finds both the hourly rate and the time expended to be reasonable. The defendant's Application for Attorney's Fees, doc. #57, is GRANTED and the court awards the defendant her attorney's fees in the amount of $1,500.

The plaintiff has also filed a Motion for Extension of Time, doc. #59, seeking an apparently open-ended extension to comply with the court's August 14, 2009 order so that he can find an attorney willing to work on contingency. The plaintiff's motion is DENIED. As the court has previously told the plaintiff, he is free to retain counsel at any time. (See doc. #56.) In the

meantime, he is under an obligation to comply with all court orders and applicable rules.  The plaintiff is warned yet again: failure to comply in full with a court order may result in the imposition of sanctions, including preclusion of evidence, dismissal with prejudice or contempt of court.  Failure to comply with a final sanctions order may also result in the entry of an order barring the plaintiff from filing papers with the court. <u>See</u> Local Rule 16(g).

In sum, Defendant's Motion for Attorney Fees (doc. #57) is GRANTED, Plaintiff's Motion for Reconsideration (doc. #58) is DENIED and Plaintiff's Motion for Extension of Time to Find an Attorney (doc. #59) is DENIED.

SO ORDERED at Hartford, Connecticut this 10th day of December 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge